IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

HOUSTON HARLAND KER                                                                              PLAINTIFF

V.                                         CASE NO. 5:20-CV-5218

TYSON CHICK-N-QUICK                                                                           DEFENDANT

## OPINION AND ORDER

Currently before the Court are Defendant's Motion to Set Aside Entry of Default (Doc. 9) and Brief in Support (Doc. 10), which were filed on March 5, 2021. The Motion has been fully briefed and is ripe for decision. *See* Docs. 18 & 22. Also before the Court is Plaintiff Houston Harland Ker's Motion for Default Judgment (Doc. 16). For the reasons stated herein, Defendant's Motion to Set Aside Entry of Default is **GRANTED**, which renders Plaintiff's Motion for Default Judgment **MOOT**.

The procedural facts in this case are somewhat unusual. Mr. Ker filed a *pro se* Complaint (Doc. 1) and Application to Proceed *In Forma Pauperis* ("IFP") (Doc. 2) on December 16, 2020. The IFP request was referred to Magistrate Judge Erin L. Wiedemann, who granted it on December 18. She then determined that the proper entity to serve with process was a company based in Little Rock called CT Corporation System. *See* Doc. 4. According to the Arkansas Secretary of State's website, CT Corporation System is the registered agent for a host of Tyson businesses, including Tyson Poultry, Inc.; Tyson Foods, Inc.; Tyson Prepared Foods, Inc.; Tyson Fresh Meats, Inc.; Tyson Deli, Inc.; Tyson Breeders, Inc.; and Tyson Chicken, Inc. *See* https://www.sos.arkansas.gov/corps/search_corps.phphis. (last accessed Apr. 21, 2021). The Complaint identifies the Defendant as "Tyson Chick-N-Quick," a chicken plant located

at "400 W. Olrich, Rogers," Arkansas.  (Doc. 1, pp. 1–2).  Attached to the Complaint is a right-to-sue letter Mr. Ker received from the Equal Employment Opportunity Commission ("EEOC"), which identifies the "Respondent" as "TYSON FOODS"—an entity that also employs CT Corporation System as its registered agent.  *Id.* at p. 7.  Given all of these facts, it is reasonable for the magistrate judge to have directed service on CT Corporation System as the registered agent for Mr. Ker's former employer.

Because Mr. Ker proceeds IFP, the United States Marshals Service ("USMS") was tasked by the Court with effecting service of process.  USMS sent by certified mail the Complaint, Summons, and order granting Mr. Ker permission to proceed IFP to CT Corporation System on December 21, 2020.  (Doc. 6, p. 1).  A representative of CT Corporation System "received" this process on January 7, 2021, and an executed "green card" was mailed to USMS.  *Id.* at p. 2.  At that point, one might have expected CT Corporation System to contact USMS to advise that service on a properly (or improperly, as the case may be) designated Tyson entity was inadequate and would not be accepted.[1]  Instead, CT Corporation System sent a letter directly to Mr. Ker—without a curtesy copy to USMS—explaining that "Tyson Chick-N-Quick is not listed on our records or on the records of the State of AR" and claiming that it was "unable to forward" the Summons and Complaint to the correct party.  (Doc. 9, p. 5).

It appears that when USMS had not received the return "green card" from CT Corporation System by January 7, it decided to repeat the entire service process again.[2]

---

[1] The IFP Order placed CT Corporation on notice that the Court had directed the United States Marshal to serve process. (Doc. 4).

[2] As stated above, USMS did eventually receive the first return-receipt card, but it was sometime after January 7.

USMS re-mailed the Complaint, Summons, and IFP order to CT Corporation System, and on January 19, CT Corporation System "received" process a second time and the green card proof of service was mailed back to USMS.  *See* Doc. 6-1, p. 1.  And for the second time, CT Corporation System mailed an "unable to forward" form letter to Mr. Ker without a curtesy copy to USMS.  *See* Doc. 9, p. 6.

As of February 24, 2021, there was no answer or responsive pleading filed of record, even though USMS had submitted to the Court not one, but two return-receipt cards demonstrating proof of service.  The Clerk of Court then entered a default against Tyson Chick-N-Quick pursuant to Federal Rule of Civil Procedure 55(a).  *See* Doc. 7.  A little over a week later, on March 5, counsel entered an appearance on behalf of Tyson Chick-N-Quick and filed a Motion to Set Aside Default, arguing that "[t]he attempt to serve Tyson Chick-N-Quick through CT Corporation System . . . failed because CT Corporation is not the registered agent for any entity named Tyson Chick-N-Quick."  (Doc. 9, p. 1).  Next, on March 15, Tyson Poultry, Inc. ("Tyson Poultry") filed an answer, noting that it had been "erroneously sued as Tyson Chick-N-Quick" and admitting that it owns and/or operates "a plant in Rogers, Arkansas called Chick-N-Quick." (Doc. 13, p. 1).[3]  Tyson Poultry further admitted that "it employed plaintiff at its Chick-N-Quick plant in Rogers, Arkansas from on or about September 8, 2015 until he resigned his employment on or about August 7, 2020." *Id.*  Also on March 15, Tyson Poultry filed a Motion for Partial Judgment on the Pleadings (Doc. 14), arguing that Mr. Ker's claims of race and disability

---

[3] It is worth noting here that the Arkansas Secretary of State's website does not list "Chick-N-Quick" as a fictitious name for which Tyson Poultry, Inc. is authorized to do business in Arkansas. *See* https://www.sos.arkansas.gov/corps/search_corps.php?DETAIL= 168362&corp_type_id (last accessed Apr. 21, 2021).

3

discrimination and retaliation should be dismissed for failure to exhaust administrative remedies.

Turning to the Motion to Set Aside Entry of Default, Tyson Poultry is correct that Mr. Ker failed to identify the true legal name of his employer on the face of the Complaint. On the other hand, this is not Tyson Poultry's or CT Corporation's first rodeo, and they should have known that by accepting receipt of process in these circumstances that USMS and the Clerk would have reasonably understood legal process to have been properly perfected.

Though these service issues temporarily delayed litigation, the matter is back on track and should proceed as per the Court's usual procedures.  The Eighth Circuit has observed that "[t]here is a 'judicial preference for adjudication on the merits,' and it is likely that a party who promptly attacks an entry of default, rather than waiting for grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998) (quoting *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir.1993)).  Here, Tyson Poultry filed its Motion to Set Aside Entry of Default nine days after the Clerk entered a default and well before Mr. Ker filed his Motion for Default Judgment.  When a court is evaluating a motion to set aside a default entered under Rule 55(a), it should consider "whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Id*.  For the reasons stated below, all three factors weigh in Tyson Poultry's favor.

First, the Eighth Circuit has "consistently sought to distinguish between contumacious or intentional delay or disregard for deadlines and procedural rules, and a

'marginal failure' to meet pleading or other deadlines" and has set aside the entry of default "when there were meritorious defenses and an absence of prejudice." *Id.* There is no indication that Tyson Poultry acted in bad faith in failing to file a timely answer. Rather, the failure was most likely due to confusion created by Tyson Poultry's fictious name usage and lack of proper instructions and protocols with its registered agent. Accordingly, Tyson Poultry's failure to timely file an answer was only a "marginal failure" as defined by Eighth Circuit precedent, and the first factor favors setting aside the Clerk's default.

Second, it appears Tyson Poultry is prepared to offer a meritorious defense in this case. Tyson Poultry has filed an answer in which it unequivocally denies that it committed employment discrimination in violation of any state or federal laws. The EEOC investigated Mr. Ker's age-discrimination claim and was unable to conclude that his employer violated federal law. *See* Doc. 1, p. 7. In addition, Tyson Poultry has filed a Motion for Partial Judgment on the Pleadings (Doc. 14) that argues that most of the discrimination claims set forth in the Complaint were not raised during the EEOC proceeding and are now subject to dismissal for failure to exhaust administrative remedies. Therefore, the second factor favors setting aside the default.

Third, the Court concludes that Mr. Ker would not suffer any prejudice if the Clerk's default were vacated. The Eighth Circuit requires a showing of concrete prejudice such as "loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Johnson*, 140 F.3d at 785. Procedurally speaking, this case is only in its infancy, and Mr. Ker offers no argument as to why it should not proceed on the merits. Only thirty-six days elapsed between the date that an answer was due and the date that

Tyson Poultry filed its Motion to Set Aside Entry of Default. Without evidence of prejudice, the third factor also favors setting aside the default.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Set Aside Entry of Default (Doc. 9) is **GRANTED**, and the Clerk's default is **SET ASIDE**.

**IT IS FURTHER ORDERED** that the Court's decision to set aside the Clerk's default renders Plaintiff's Motion for Default Judgment (Doc. 16) **MOOT**.

The Court **DIRECTS** the Clerk's Office to substitute "Tyson Poultry, Inc." for "Tyson Chick-N-Quick" as the Defendant in this action.

**IT IS SO ORDERED** on this 22nd day of April, 2021.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE